EMANUEL LEVI

*v.*

LOUIS SCHOENTHAL.

[Filed August 22d, 1898.]

1. A preliminary injunction will not be allowed where the complainant knowingly suffers the supposed injury to continue for two years without applying for relief, where the effect of the writ if granted as applied for, will practically be to take away from the defendant a business largely created during the two years and to give it to the complainant.

2. *Quære.* Should an injunction issue to restrain the use of an adjective describing the excellence of a business?

---

On bill and affidavits. Order to show cause.

*Mr. Clarence L. Cole* (of Thompson & Cole), for the complainant.

*Mr. James L. Van Syckel*, for the defendant.

Levi v. Schoenthal.

Grey, V. C. (orally).

This matter comes to a hearing upon the bill and affidavits and the answering affidavits filed by the defendant. The restraining order stays the conduct of the defendant's business. The case ought, therefore, to be disposed of now, if possible, and in order to do justice between the parties I will consider the matter at once. The whole of the remedy prayed for is that the defendant may be enjoined from the use of the words "Incomparable Laundry" in the conduct of his business.

The bill shows that the complainant has been for many years in the use of the words "Incomparable Laundry" as applied to the business of the laundry which he carried on in Philadelphia. He employed the defendant to gather together laundry work in Atlantic City and send it up to the complainant in Philadelphia. In doing this work the defendant was, by the direct order of the complainant, to advertise or collect it in the name of the "Incomparable Laundry," with the name of the complainant added, "E. Levi & Son," and he so conducted that business for two years.

In 1895 the complainant and the defendant parted, and the latter engaged in this gathering of laundry work for himself. He then became a direct competitor of the complainant. Neither at the time they came together nor at the time they parted was there any agreement or pretence of an agreement that the defendant should be in any way restrained from competing in the laundry business for any period of time or over any district of territory, after he parted from the complainant. After he left the complainant's employment the defendant had, so far as competition was concerned, all the rights which he had before he and the complainant came together. Under these circumstances the defendant engaged in a competitive business of precisely the same character as that pursued under the complainant's employment. The bill does not seek to restrain the defendant from fraudulently representing that he is still taking laundry work to be done by the complainant, although an intimation of such conduct is alleged. The relief prayed is based solely upon the

Levi *v.* Schoenthal.

claim of a right to restrain the defendant from using the words "Incomparable Laundry."

The defendant used for a period of time and until the complainant objected, not only the name "Incomparable Laundry" but also added the name of the complainant's firm, "E. Levi & Son," but on objection the latter name was removed. The complainant says he has frequently objected to the continued use of the words "Incomparable Laundry." But this allegation is fully met and denied by two or three affidavits of all those who were actively engaged in the business on the part of the defendant, to the effect that they never heard of any such objection nor had any such made to them, nor knew of any during the whole of the last two years that the business has been conducted, and until the filing of the bill in this cause.

I cannot say which of these allegations is correct, but the complainant's own statement, if true, destroys one of the elements upon which his equity depends, viz., diligent application for his remedy. If he suffered an injury he was bound, if he sought a remedy by injunction, to bring his application before this court within such reasonable period as would inflict the least injury upon the defendant. He could not stand by, even complaining, until the defendant had by diligence and labor largely built up and increased the business, taking no legal steps whatever, and then demand the interference of this court to take it away and practically to give it to the complainant.

The affidavits of the defendant being directly responsive and contradictory of the complainant's affidavits, I am bound to take them at least as equal to the complainant's, and they leave the complainant in this position: that as to his showing of the performance of his equitable duty of diligent application for his remedy, so far from being diligent, there have been two whole years during which the complainant knew of this wrong, if it were a wrong, and did nothing. For these two years the defendant was engaged in the prosecution of this business in the name of the "Incomparable Laundry," increasing its scope and profit, and no legal steps were taken by the complainant to interfere or obtain redress.

Levi v. Schoenthal.

The defendant says that whatever value the business now has he has given it by his diligence and attention during these two years. The defendant also says that during those two years there was an abundance of time for the complainant to have applied for the remedy by injunction, when it would not have done any serious injury to the defendant, whilst the application made now after two years' delay and just exactly at the height of the season in which the business is being conducted, will if granted, practically destroy the defendant's business.

Under the circumstances it seems to me that such laches is successfully imputed to the complainant that this court would be doing an injustice by granting a preliminary injunction.

In addition to this condition of affairs as indicated by the facts of the case, I have very grave doubts whether the complainant is entitled to any remedy in respect to the supposed injury which he may have received by the use of the words "Incomparable Laundry" by the defendant, which is the only injury for which relief is prayed.

The cases on the question are not altogether one way. In the English court of chancery, in the case of *Raggett* v. *Findlater* (I have not the opportunity on this summary hearing to examine the report of the case, but it is quite fully quoted in *7 Chit. Eq. Dig. 6774*, under the head of "*Trade Marks*"), the court held that the use of an adjective merely describing the quality of the manufactured article would not be protected by the court as a trade-mark. So in the case of *Humphrey's Specific Homeopathic, &c., Co.* v. *Wenz, 6 N. J. L. J. 43*, Judge Nixon, in the United States District Court of this state, held substantially the same thing, that an advertisement or declaration that a man was selling a "homeopathic" remedy was not, because of the use of that word, capable of protection as a trade-mark.

It seems to me a strong argument may be made in support of that holding, because the establishment of a right to the exclusive use of such a descriptive word would enable one person to select an adjective which would be definitive of the excellence of his productions, and to restrain all other competing persons from asserting that their production of a like or similar article

was as good as his. In short, it would be a prohibition of the use of the English language. It is not the use of the word "laundry" which is resisted. The exclusive right of the complainant is asserted in the use of the word "incomparable" as applied to a laundry. Why should any person be allowed to obtain so exclusive a use of the English language that he should have the right to assert the excellence of his production, and to stop all other persons who compete with him from claiming in the same language that their own article has the same quality of superiority? That is the very essence of competition, and in these days when advertising has become so potent a force in the conduct of business, it seems to me it would be doing a great injustice to prohibit anyone from using an adjective descriptive of the excellence of his business, because someone else had previously so described his own like business.

I do not pass upon that question, however. It will probably be fully argued on final hearing. As the case now stands, I do not feel justified in continuing the restraining order, and I put it on the denial of the complainant's equity, in that the affidavits show, as by the weight of the proof I am bound to recognize, that there has been no such diligence on the part of the complainant in enforcing his remedy, if he has any, as would justify a preliminary injunction, and the matter will have to stand in that shape until final hearing.

If the complainant has of his own choice waited two years to apply for that remedy, I think he can wait two months longer, until final hearing, to see if he has any right to it.

I will advise the dismissal of the order to show cause and the restraining order, with costs.